UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Spivey Family LTD Partnership of Orlando, ) | Civil Action No.: 4:16-cv-03311-RBH |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| B.L. ("Larkin") Spivey, Jr., and ) | |
| B.L. ("Bayliss") Spivey, III, ) | |
| ) | |
|     Defendants. ) | |

This matter is before the Court on Defendant B.L. "Larkin" Spivey, Jr. and Defendant B.L. "Bayliss" Spivey, III's motions [ECF Nos. 43 & 44] to strike the amended complaint and motions to dismiss the amended complaint. For the reasons stated below, the Court grants Defendants' motions to strike and grants in part and denies in part Defendants' motions to dismiss.

I. **Motions to Strike**

Defendants move to strike the amended complaint [ECF No. 42] because the amended complaint that was actually filed at docket entry number 42 is different from the proposed amended complaint that Plaintiff attached to his motion to amend.

When a plaintiff requests leave to amend, the general practice is for the plaintiff to attach the proposed amended pleading to the motion so that the court can adequately assess whether leave to amend should be granted. *See* 6 Wright, Miller & Kane, *Federal Practice and Procedure - Civil* § 1485 (3d ed.). "As a matter of course, the proposed amended complaint becomes the official amended complaint once the court grants a party's motion."[1] *Bogdan v. Housing Auth. of the City of*

---
[1] After the Court grants a motion to amend, ordinarily, the Clerk's Office will file the proposed amended complaint as the amended complaint. That did not happen in this case and Plaintiff may have apparently seen that as an opportunity to further amend its pleadings without seeking leave of the Court.

*Winston-Salem*, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006); *Hetzel v. JP Morgan Chase Bank, N.A.*, 2014 WL 5475183, at *1 (E.D.N.C. Oct. 29, 2014) (recognizing "it is the normal course, upon the grant of a motion to amend, for the proposed amended complaint to be filed by the Clerk as the new amended complaint").

In this case, Plaintiff filed an amended complaint that differs from the version attached to the motion to amend. The Court did not grant Plaintiff leave to file the amended complaint that Plaintiff filed on May 12, 2017. Failure to file the same amended complaint as the one proposed is not only a violation of Rule 15, but in some cases, it can be grounds for sanctions. *See Bogdan*, 2006 WL 3848693, at *3 (citing *Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 575 (D. Pa. 1993)). Accordingly, Defendants' motions to strike are granted.

Plaintiff's amended complaint filed at ECF No. 42 is hereby stricken. The Clerk of Court is directed to file Plaintiff's proposed amended complaint [ECF No. 26-1] as the official amended complaint.

## II. Motions to Dismiss

Defendants Larkin and Bayliss Spivey have also filed motions to dismiss. Both Defendants move to dismiss Plaintiff's claim for civil conspiracy arguing that Plaintiff failed to plead special damages. Defendant Bayliss Spivey also moves to dismiss all remaining causes of action against him arguing that no specific acts of misconduct are sufficiently pled.

By way of background, this case involves a dispute over the management of a family owned

---

Critically, had Plaintiff sought leave to amend its pleadings on May 12, 2017, when it filed the amended complaint, the motion to amend would have been untimely under the scheduling order and Plaintiff would have had to satisfy the more strenuous "good cause" standard. In any event, Plaintiff's actions have prompted this Court to alter its practice. Now, whenever the Court grants leave to amend, the Court, in its order, specifically directs the Clerk's Office to file the proposed amended pleading attached to the motion to amend.

2

company that has owned and operated various commercial properties in Horry County, South Carolina since 1996. [Amended Complaint, ECF No. 26-1 at ¶ 8]. The family owned company, Spivey Company, LLC, is a South Carolina limited liability company owned for the benefit of the Spivey family, consisting primarily of three brothers, Larkin Spivey, Richard A. Spivey, and Dr. James N. Spivey, and their respective spouses. *Id*. at ¶ 1. The members of Spivey Company, LLC are : 1) Plaintiff Spivey Family LTD Partnership of Orlando; 2) Spivey Holding Company, LLC; and 3) Richard A. Spivey and Karen Spivey. *Id*.

Plaintiff Spivey Family LTD Partnership of Orlando generally alleges that Defendant Larkin Spivey, acting as manager of Spivey Company, LLC, acted under a conflict of interest and entered into a 35-year lease agreement (hereinafter the "Lease") dated December 15, 2015 with his son Bayliss Spivey, acting as manager of Salt Creek Campground, LLC.[2] The Lease at issue involves the lease of Spivey Company campground property that was previously leased to Kampgrounds of America, Inc. (the "KOA"). Plaintiff contends the Spivey Company should have renegotiated a more profitable lease with KOA rather than leasing the property to Larkin's son's company, Salt Creek. Plaintiff alleges the Lease is not fair to the Spivey Company in that it diverts millions of dollars away from the Spivey Company in favor of Larkin and Bayliss Spivey over the lease period of 35 years. Plaintiff alleges the Lease was procured through fraudulent representations to the Plaintiff. Plaintiff alleges that the monthly rent amount being paid over the next 35 years by Larkin's son, Bayliss/Salt Creek, is far below the market rate, and the Plaintiff, which owns one-

---

[2] The amended complaint filed at ECF No. 42, which has been stricken, takes issue with other transactions in addition to the December 15, 2015 Lease. However, the proposed amended complaint seeks relief only with respect to the December 15, 2015 Lease. Because the amended complaint has been stricken, Plaintiff is limited to the December 15, 2015 Lease and the relief sought in his proposed amended complaint filed at ECF No. 26-1.

3

third of Spivey Company, LLC will suffer losses in the millions of dollars.

Plaintiff's amended complaint alleges causes of action for: 1) breach of fiduciary duty by Larkin Spivey; 2) breach of contract accompanied by fraudulent act by Larkin Spivey; 3) civil conspiracy as to Larkin Spivey and Bayliss Spivey; 4) aiding and abetting breach of fiduciary duties by Bayliss Spivey; and 5) unjust enrichment as to Bayliss Spivey. Plaintiff seeks a finding that at all times pertinent to the Lease transaction that Larkin Spivey was operating under a conflict of interest and in violation of his duty of loyalty to the Spivey Company. Plaintiff also seeks a finding that the material facts of the transaction with respect to the Lease were not disclosed or known to the members authorized to vote, and the transaction with respect to the Lease was not fair to the Spivey Company. Plaintiff seeks damages in the amount of the lost profits/distributions that would have inured to the Plaintiff had the Defendants negotiated a fair market value lease or determined another use of the campground property that was fair to the Spivey Company. Plaintiff also requests it be awarded attorney fees for the cost of pursuing this action.

## Rule 12(b)(6) Standard

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "plausible claim for relief" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th

Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. However, when a plaintiff's assertions "amount to nothing more than a 'formulaic recitation of the elements' " of a cause of action, the Court may deem such allegations conclusory and not entitled to an assumption of veracity. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

A. **Civil Conspiracy**

Defendants move to dismiss Plaintiff's civil conspiracy claim arguing that Plaintiff failed to plead special damages. Plaintiff argues that it has incurred special damages as a result of Defendants' actions in that it has incurred the cost of having to investigate and prosecute this action.

A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff. *Lawson v. S.C. Dept. of Corrections*, 532 S.E.2d 259, 261 (S.C. 2000). To prove a civil conspiracy, the plaintiff must establish: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage. *Vaught v. Waites*, 387 S.E.2d 91 (S.C. Ct. App. 1989). A conspiracy is actionable only if overt acts pursuant to the common design proximately cause damage to the party bringing the action. *Future Group, II v. Nationsbank*, 478 S.E.2d 45, 51 (S.C. 1996); *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 278 S.E.2d 607 (S.C. 1981). Unlike other torts, an action for civil conspiracy requires the tortious conduct in question to cause the plaintiff special damage. *Hackworth v. Greywood at Hammett*, LLC, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009). While general damages "are the immediate, direct, and proximate result of the" tortfeasor's conduct,

special damages "are the natural, but not the necessary or usual, consequence of the" tortfeasor's conduct. *Hackworth*, 682 S.E.2d at 875. Dismissal of a claim for civil conspiracy is appropriate when "a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim." *Id*. 875.

A review of Plaintiff's amended complaint [ECF No. 26-1] shows that Plaintiff did not plead special damages arising from the civil conspiracy. Plaintiff merely repeats the damages set forth in the other causes of action, i.e. that the Lease diverts millions of dollars away from the Spivey Company to Larkin and Bayliss Spivey over the lease period of 35 years. While Plaintiff seeks attorneys fees in its "wherefore" clause, the amended complaint makes no effort to attribute those attorney fees to the alleged civil conspiracy. As a result, Plaintiff has failed to adequately plead special damages with regard to its civil conspiracy claim.

Defendants' motion to dismiss Plaintiff's civil conspiracy claim is granted.

**B.  Remaining Claims Against Bayliss Spivey**

Defendant Bayliss Spivey also moves to dismiss the aiding and abetting breach of fiduciary duty claim and the unjust enrichment claim alleged against him. Bayliss Spivey argues the amended complaint does not sufficiently plead any specific acts of misconduct.

A cause of action for aiding and abetting a breach of fiduciary duty exists where a plaintiff proves (1) a breach of a fiduciary duty owed to the plaintiff, (2) the defendant's knowing participation in the breach, and (3) damages. *Future Group, II*, 478 S.E.2d at 50. The gravamen of the claim is the defendant's knowing participation in the fiduciary's breach. *Id*.

Plaintiff's amended complaint [ECF No. 26-1] states sufficient facts to state a claim for aiding and abetting a breach of fiduciary duty that is plausible on its face. While the amended

6

complaint does not contain much detail in terms of specific acts of alleged misconduct by Bayliss Spivey, the amended complaint alleges that Bayliss Spivey knew that the Lease was entered into under a conflict of interest and that by entering into the Lease, Bayliss Spivey knowingly aided and abetted Larkin Spivey in breaching his fiduciary duties to the Spivey Company and Plaintiff.

As to the unjust enrichment claim, "[a] party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another." *Inglese v. Beal*, 742 S.E.2d 687, 690-91 (S.C. Ct. App. 2013). The remedy for unjust enrichment is restitution. *See Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003) ("Restitution is a remedy designed to prevent unjust enrichment"). To recover restitution in the context of unjust enrichment, the plaintiff must show: (1) he conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value. *Campbell v. Robinson*, 726 S.E.2d 221, 228 (S.C. Ct. App. 2012).

The amended complaint alleges that Larkin and Bayliss Spivey created the Lease in order to divert income away from the Spivey Company and the Plaintiff. Plaintiff alleges the object of the plan was to remove property of the Spivey Company to avoid distribution of profits to the Plaintiff, while transferring substantial economic benefits to Larkin's son, Bayliss Spivey. Plaintiff alleges Bayliss Spivey receives an economic benefit from the Lease although the conditions under which Bayliss Spivey gained control of the campground property make it unjust for him to retain the benefits of the Lease transaction. Plaintiff's amended complaint [ECF No. 26-1] states sufficient facts to state a claim for unjust enrichment that is plausible on its face.

As a result, Defendant Bayliss Spivey's motion to dismiss the aiding and abetting breach of fiduciary duty claim and unjust enrichment claim is denied.

**Conclusion**

For the reasons stated above, Defendants' motions to strike are **GRANTED**. Plaintiff's amended complaint filed at ECF No. 42 is **STRICKEN**. The Clerk of Court is directed to file Plaintiff's proposed amended complaint [ECF No. 26-1] as the official amended complaint.

Defendants' motions to dismiss are **GRANTED** as to the civil conspiracy claim, which is **DISMISSED**. Defendant Bayliss Spivey's motion to dismiss the aiding and abetting breach of fiduciary duty claim and unjust enrichment claim is **DENIED**.

IT IS SO ORDERED.

December 6, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge